# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edward A. Bobrick | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 440 | **DATE** | 8/6/2002 |
| **CASE TITLE** | Chicago Board of Education vs. Substance, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/20/02 at 10:00 A.M.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Plaintiff's motion for summary judgment on liability and for permamenent injunction [doc. 74-1] is granted. Plaintiff shall submit a draft order in compliance with Fed.R.Civ.P. 65(d) within 10 days of receipt of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 7 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 94 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 AUG -6 PM 12:35 | 8/6/2002 date mailed notice | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | TH mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO BOARD OF EDUCATION, an Illinois municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | No. 99 C 440 |
| SUBSTANCE, INC., an Illinois corporation, and GEORGE N. SCHMIDT *et al.*, | ) ) ) ) ) | Edward A. Bobrick, Magistrate Judge |
| Defendants. | ) ) | |

## MEMORANDUM ORDER

Before the court is the motion of plaintiff Chicago Board of Education for summary judgment against defendants Substance, Inc. and George Schmidt.

This case stems from the defendants' publication of certain copyrighted academic test materials – the Chicago Academic Standards Examinations ("CASE") – in the newspaper *Substance, Inc.* Plaintiff alleges that the defendants' publication of certain academic test materials violated the United States Copyright Act ("Copyright Act"), 17 U.S.C. §§ 101 *et seq.*[1] Plaintiff seeks both injunctive and monetary relief. Defendants argue that the plaintiff

---

[1] According to plaintiff, it has withdrawn its claim under the Illinois Trade Secret Act ("TSA"), 765 ILCS §§ 1065/1 *et seq.* (*Memorandum in Support of Motion for Summary Judgment*, at 2 n.1). A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15. *Bibbs v. Newman*, 997 F.Supp. 1174, 1177 (S.D.Ind. 1998). It does not appear from the record that plaintiff has done so in this case. Because the matter is not developed in the record before the court, however, we do not address plaintiff's Count II trade secret claim in this order.



has committed a fraud on the Copyright Office, has misled the court as to the portion of the test materials published, and that the plaintiff has "unclean hands."

## I. FACTS

In this case, both parties have filed the required Local Rule 56.1[2] submissions to support their memoranda. Defendant Schmidt was in plaintiff's employ from 1993 to 1999 when he taught at Bowen High School. He is now the president, editor, and a reporter for defendant *Substance, Inc.*, with which he has been associated for twenty years. While Schmidt was still teaching, the plaintiff began developing the CASE series, which consists of semester examinations in eleven subjects. The tests are administered to students in the

---

[2] Rule 56.1(a) requires the party moving for summary judgment to file, among other items, a "statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Local Rule 56.1(a)(3). The required statement is to consist of short numbered paragraphs, including within each paragraph specific cites to the record which support the facts set forth. *Id.* Rule 56.1(b) then requires the opposing party to file among other items:
> a concise response to the movant's statement that shall contain: (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials.

Local Rule 56.1(b)(3). Rule 56.1(b) further provides that "all material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* The district court, with the approval of the Seventh Circuit, has long enforced the requirements of these rules. *Markham v. White*, 172 F.3d 486, 490 (7th Cir. 1999) (discussing Local General Rule 12, the predecessor to Rule 56.1).

2

first three years of high school. They were written by a group of about seventy Chicago public school teachers, who were paid for their efforts, along with personnel from the University of California.

Portions of CASE were administered in January of 1998, and again in June of 1999, as part of a pilot program. All eleven subject tests were given in two forms in all Chicago public high schools in January of 1999; Schmidt administered the CASE test for English I at that time. The tests contained a notice that plaintiff had copyrighted them in 1998, and Schmidt had attended the meeting at which teachers were instructed as to administration and test security procedures. Shortly thereafter, Schmidt caused six of the subject tests–U.S. History, Algebra-Multiple Choice, Algebra-Constructed Response, World Studies, English I-Multiple Choice, and English I-Constructed Response – to be published in the January-February 1999 issue of *Substance, Inc.* That edition also contain a portion of the English I-Constructed Response Test answer key and the promise that future editions would include more tests. This was done without the plaintiff's authorization or permission.

On January 26, 1999, plaintiff filed its copyright with the United States Copyright Office, and filed suit against defendants.[3] Defendants answered with a counterclaim, and

---

[3] Under 17 U.S.C. § 410, "when, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register shall register the claim and issue to the applicant a certificate of registration under the seal of the Copyright Office . . .In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the

(continued...)

3

advanced seven affirmative defenses: (1) failure to state a claim upon which relief could be granted, (2) fair use, (3) protected free speech under the federal constitution, (4) protected free speech under the state constitution, (5) estoppel, (6) waiver, and (7) laches. Judge Norgle dismissed the counterclaim on January 4, 2000, and stuck the affirmative defenses of fair use and protected free speech. *Chicago School Reform Bd. of Trustees v. Substance*, 79 F.Supp.2d 919 (N.D.Ill. 1999). Defendants filed a motion for reconsideration, which was denied on June 14, 2000. On October 24, 2001, defendants brought a motion to vacate Judge Norgle's order, which Judge Darrah denied. On May 24, 2002, defendants again revived these arguments in a motion for leave to file amendment to affirmative defenses. At that time, defendants sought to include the defenses of: (1) copyright misuse, (2) fraud on the copyright office, and (3) unclean hands. The court denied defendants' motion as unfounded on June 11, 2002.

## II. ANALYSIS

### A. Summary Judgment

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To ward off summary judgment by showing that there is a genuine dispute on a material fact, the non-moving party must do more than raise a "metaphysical doubt" as

---

[3](...continued)
    certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court."

to the fact's existence. *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1139 (7th Cir.1997). The non-moving party cannot merely allege the existence of a factual dispute. *McPhaul v. Board of Com'rs of Madison County*, 226 F.3d 558, 563 (7th Cir. 2000). That party must supply evidence sufficient to allow a jury to render a verdict in their favor. *Id.*

## B. Discussion

To establish copyright infringement, a plaintiff must prove two elements: "1) ownership of a valid copyright, and 2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991); *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001). The issue of copying can be broken down into two sub-issues. The first is whether the alleged copier had access to the work that he is claimed to have copied; the second is whether, if so, he used his access to copy. *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1169-1170 (7th Cir. 1997).

The record before the court demonstrates that there are no genuine issues of material fact as to plaintiff's ownership of a valid copyright. The plaintiff has a certificate of registration from the U.S. Register of Copyrights which constitutes *prima facie* evidence of the validity of a copyright. *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). While a party may rebut this evidence, we note that defendants have failed to adequately do so. They do re-introduce their previously-rejected "fraud on the copyright office" argument, contending that the plaintiff was not the author of the tests. According to

5

defendants, the plaintiff's had a principal collaborator, the National Center for Research on Evaluation, Standards and Student Testing ("CRESST"), which defendants apparently feel should have retained copyright ownership.[4] (*Defendants' Memorandum in Opposition*, 5). Defendants do not develop this argument, or explain or specify CRESST's participation in the CASE development. To support their argument, they merely cite to two exhibits, B and C. (*Defendants' Memorandum in Opposition*, at 5; *Defendants' Local Rule 56.1(b)(3)(B) Statement*, ¶¶ 4-10). Exhibit B is a complete edition of *Substance, Inc.*, some forty pages long. The defendants do not indicate what page or pages of the exhibit support their claims. Exhibit C is an assignment of rights from CRESST to the plaintiff. According to the document, CRESST assigned the plaintiff "all rights, title and interests" including, but not limited to "all copyrights in the Work and all derivative Works based on the Work." Defendants do not offer an explanation as to how this suggests that CRESST retained a copyright. Thus, rather than support its case against summary judgment, these citations, at best, confuse the issue; at worst, they aid plaintiff's case. It is not our function to scour the record in search of evidence to defeat a motion for summary judgment; the defendant must

---

[4] While, copyright ownership vests in the author of the work, there is, an allowance for "works made for hire." 17 U.S.C. § 201. If the work is made for hire, the owner is the employer or other person for whom the work was prepared. 17 U.S.C. § 201(b). The contours of the work for hire doctrine were restricted in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 109 S.Ct. 2166, (1989). It was no longer sufficient that the hiring party had a right to control the work; courts were instructed to apply principles of the general common law of agency as a starting point for the analysis as to whether a work was a work made for hire. *See Harris Custom Builders, Inc. v. Hoffmeyer*, 92 F.3d 517, 518 (7th Cir. 1996). As noted above, however, defendants have not adequately supported their contentions in this regard.

identify with reasonable particularity the evidence upon which he relies. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996); *see also Hedrich v. Board of Regents of University of Wisconsin System*, 274 F.3d 1174, 1178 (7th Cir. 2001)(citations provided the court no guidance as to which factual propositions could be located where in the record). Here, the defendants have failed to do just that. Consequently, we cannot find that they have rebutted plaintiff's *prima facie* case of copyright validity.

As for the issue of copying, the defendants do not dispute that they copied the CASE tests. Instead, they submit that they copied only a portion of the tests. *(Defendants' Memorandum in Opposition*, at 7-11). They offer no explanation for how this excuses infringement, nor do they cite any case law. As such, the court can only assume that this is an attempt to resurrect their "fair use" affirmative defense.[5] This issue of "fair use",

---

[5] Under 17 U.S.C. § 107:

> "the fair use of a copyrighted work, including such use by reproduction . . .for purposes such as criticism, comment, news reporting . . . is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors."

Notably, the amount of a work copied is but one of four factors to be considered: no single factor is dispositive. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578, 114 S.Ct. 1164, 1171 (1994). In their vain attempt to resurrect a stricken affirmative defense, however, defendants do not even mention the other three

(continued...)

7

however, is no longer before the court: it has been rejected twice by Judge Norgle, once by Judge Darrah, and once by this court. As a result, we are constrained to find that there is no genuine issue of material fact regarding defendants' copyright infringement. Plaintiff is, therefore, entitled to summary judgment on defendants' liability.

## C. Injunctive Relief

Plaintiff also seeks summary judgment as to its entitlement to injunctive relief. Before the court may award permanent injunctive relief, the plaintiff must demonstrate (1) it has succeeded on the merits; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the defendants will suffer if the injunction is granted; and (5) the injunction will not harm the public interest. *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1081 (7th Cir. 1998). Defendants do not offer any arguments against plaintiff's request for a permanent injunction, other than to charge that the plaintiff comes before the court with "unclean hands," based the plaintiff's purported fraud on the copyright office. As defendant's motion to add "unclean hands" as an affirmative defense was denied, it is not properly before the court.

We turn, then, to the elements plaintiff must demonstrate to be entitled to injunctive relief. Plaintiff has succeeded on the merits. As for an adequate remedy law, injunctive

---

[5](...continued)
    factors. This is par for the course, however, for the first time defendants were challenged on this issue, they "never even recite[d] the fair use factors in any of their pleadings, much less discuss[ed] how those factors weighed in their favor." *Chicago School Reform Bd.*, 79 F.Supp.2d at 931.

relief of the nature sought is an appropriate remedy for copyright infringement. 17 U.S.C. §§ 502(a); 503(b). In addition, we note that defendant Schmidt has stated that he will "encourage the broadest possible dissemination" of the copyrighted materials at issue here. (*Plaintiff's Exhibits*, Ex. A, at 388). Injunctive relief, therefore, is necessary to prevent future harm, which would be irreparable, as the test questions would be unusable once they were published. Finally, we can find no harm to the public interest as a result of preventing that publication. Indeed, an injunction will serve the public interest by preserving the integrity of the test questions not already published, there by saving tax dollars that would be spent on further development. Accordingly, we find that the plaintiff is entitled to a permanent injunction in this case.

## III. CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment is GRANTED. Plaintiff shall submit a draft order in compliance with Fed.R.Civ.P. 65(d) within 10 days of receipt of this order.

ENTERED: *Edward A. Bobrick*
EDWARD A. BOBRICK
U.S. MAGISTRATE JUDGE

DATE: August 6, 2002