# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edward A. Bobrick | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 440 | **DATE** | 8/20/2002 |
| **CASE TITLE** | Chicago School Reform Board vs. Substance, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Defendants' motion for reconsideration is denied. Enter Order of Permanent Injunction as to defendants, pursuant to Minute Order dated 8/6/02, granting plaintiff's motion for summary judgment.

(11) ■ [For further detail see orders attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 21 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 96 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/20/2002 date mailed notice | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | TH6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO BOARD OF EDUCATION, )
an Illinois municipal corporation, )
) **DOCKETED**
)
Plaintiff, ) AUG 2 1 2002
)
vs. ) No. 99 C 440
)
SUBSTANCE, INC., an Illinois )
corporation, and GEORGE N. SCHMIDT ) Edward A. Bobrick,
*et al.*, ) Magistrate Judge
)
Defendants. )

## MEMORANDUM ORDER

Before the court is the motion of defendants Substance, Inc. and George Schmidt for "reconsideration" of this court's order of August 6, 2002 granting the plaintiff summary judgment, "pursuant to Fed.R.Civ.P. 59(e) and/or 60(b)."

Because defendants do not know what rule they are filing under and their motion was filed within ten days of the court's order, the motion is properly construed it as a Rule 59(e) motion. *Doe v. Howe Military School*, 227 F.3d 981, 992 (7th Cir. 2000). Federal Rule of Civil Procedure 59(e) allows the movant to bring to the district court's attention a manifest error of law or fact, or newly discovered evidence. *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* Here, defendants claim the court misunderstood the facts



and their arguments, but do not point to any errors of law or evidence discovered since the August 6 order.

Defendants' argument focuses on its Exhibits B and C, and the re-introduction of their "fraud on the copyright office" argument, which the court rejected as unfounded and struck as an affirmative defense in a previous order dated June 11, 2002. The court noted that the argument was not properly before it in the order that is the subject of the defendants' instant motion, but apparently to no avail. Defendants cannot now revive it with a Rule 59(e) motion.

Turning to the problems with defendants' exhibits, we note that in the first round of summary judgment briefing, defendants' Exhibits B and C consisted of two identical issues of the magazine *Substance, Inc.* Assuming that this was an error, the court gave defendants the opportunity to re-file Exhibit C. Defendant filed a new Exhibit C–the assignment of rights from CRESST to the plaintiff–as well as a new Exhibit B and an Exhibit Q. Unlike the original Exhibit B, the new Exhibit B was a letter from CRESST to plaintiff which referred to negotiations which apparently led up to the assignment of rights. Obviously, defendants' haphazard method of filing exhibits is their own procedural error which cannot be corrected with a Rule 59(e). Beyond that, a negotiation letter predating the assignment of rights still does not demonstrate that CRESST retains the copyright to the test, no matter how many times the defendant suggests it does.

Defendants also–yet again–address previous rulings by Judge Norgle and Judge Darrah in this case. Defendants have already sought reconsideration of those rulings and

were rejected. Another reconsideration of those rulings again here is inappropriate subject matter for a Rule 59(e) motion. Similarly, defendants also reintroduce their fair use defense but, for the *third time* in these proceedings, ignore the applicable law to such a defense:

> "the fair use of a copyrighted work, including such use by reproduction . . . for purposes such as criticism, comment, news reporting . . . is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors."

17 U.S.C. § 107. Notably, the amount of a work copied is but one of four factors to be considered: no single factor is dispositive. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578, 114 S.Ct. 1164, 1171 (1994). Defendants have thus far neglected these factors twice before this court, and once before Judge Norgle. In fact, review of the record in this case demonstrates that defendants essentially lost this case nearly three years ago before Judge Norgle and have been seeking reconsideration, in one form or another, ever since. No further motions for reconsideration, however styled, will be entertained by this court.

3

## CONCLUSION

For the foregoing reasons, the defendants' motion for reconsideration is hereby DENIED.

ENTERED: *[signature]*
EDWARD A. BOBRICK
U.S. MAGISTRATE JUDGE

**DATE:** August 20, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**CHICAGO SCHOOL REFORM BOARD OF EDUCATION**, an Illinois municipal corporation,

    Plaintiff,

vs.

**SUBSTANCE, INC.**, et al.,

    Defendants.

Case No. 99 C 0440
Magistrate Judge Edward A. Bobrick

**DOCKETED AUG 2 1 2002**

## ORDER

This cause coming on to be heard on the Motion for Summary Judgment on liability and for Permanent Injunction, filed by plaintiff, the CHICAGO SCHOOL REFORM BOARD OF EDUCATION ("Board"), the Board having filed a two-Count Verified Complaint for copyright infringement and misappropriation of trade secrets against defendants, SUBSTANCE, INC. and GEORGE SCHMIDT (collectively "Defendants"), and

the Board having moved for judgment on the issue of liability on the copyright infringement claim and to permanently enjoin the Defendants from publishing any materials copyrighted by the Board without Board authorization, and

the Parties having fully briefed the Board's Motion, and the Court having read and considered the briefs, affidavits, depositions and exhibits submitted by the Parties, and

the Court having found that there are no issues of material fact, and that the Board is entitled to judgment on liability on the copyright claim and to a permanent injunction in this case

### IT IS HEREBY ORDERED:

1. The Board has succeeded on the merits of its claims alleging willful copyright infringement against Defendants. A copy of this Court's Order, granting the Board Summary Judgment and a Permanent Injunction on its copyright infringement claims is attached hereto as Exhibit 1.

2. The Board has shown that is being, and will continue to be, irreparably harmed in its

reputation and in the unauthorized publication and distribution of full copies of the Board's CASE examination to the public and that no adequate remedy at law could compensate the Board for the damage and injury to its reputation and to the CASE examinations.

3. The Board has shown that the harm to the Board will be far greater, if the injunctive relief requested is not granted, than the minimal harm to Defendants, if they are enjoined as requested by the Board.

4. The Board has shown that it would be in the public interest to enter an order granting the Board the injunctive relief it requests, especially because Defendants have infringed, and have written and testified under oath that Defendants would continue to infringe, the Board's copyrights in the CASE and others of the Board's examinations.

5. Accordingly, this Court grants the Board's Motion for Permanent Restraining Order, enjoining Defendants, their agents, servants, affiliates, employees, representatives, predecessors, successors, assigns and all those in privity with or acting in concert with Defendants from:

a.. copying distribution of copies, making derivative copies, displaying copies an performing copies of the Board's examinations, including but not limited to the CASE examinations, whenever created by the Board;

b. holding themselves out as authorized publishers of the Board's examinations, including but not limited to the CASE examinations, whenever created by the Board..

ENTER: *[signature]*
Edward A. Bobrick
U.S. Magistrate Judge

**DATE:** August 20, 2002